# CASES

IN

# THE SUPREME COURT

OF

# PENNSYLVANIA.

## Heilman *v.* Kroh, Appellant.

*Res adjudicata—Judgment—Married women.*

A judgment was entered upon a bond and warrant of attorney accompanying a mortgage executed by a married woman and her husband. The bond and mortgage were executed by the wife to secure her husband's debt. Subsequently the court struck off the judgment as to the wife, but refused to strike it off or open it as to the husband. *Held*, that the adjudication of the court upon the application of the husband to open the judgment was a determination of all questions of fraud, want or failure of consideration, etc., in favor of the plaintiffs, and conclusive not only as to the husband, but also as to the wife, and that the wife could not subsequently in an action on the mortgage set up such matters as a defence.

*Mortgage—Certificate of acknowledgment—Married women.*

When a married woman joins her husband in a mortgage to incumber her separate estate to a bona fide mortgagee for value without notice of fraud or imposition in the procurement of the execution of such instrument, the certificate of the justice of the peace taking the acknowledgment is conclusive of every material fact expressed therein.

Argued Oct. 10, 1892. Appeal, No. 15, Oct. T., 1892, by defendant, Margaret S. Kroh, from judgment of C. P. Armstrong Co., March T., 1888, No. 275, on verdict for plaintiffs, R. A. Heilman et al. Before PAXSON, C. J., STERRETT, GREEN, WILLIAMS, MCCOLLUM, MITCHELL and HEYDRICK, JJ.

Scire facias sur mortgage.

The facts as they appeared before RAYBURN, P. J., are stated in the opinion of the Supreme Court.

Plaintiff's points were as follows:

" 1. That the mortgage in suit was given to secure the payment of a certain bond which was entered by the plaintiff against these defendants in this court on Feb. 3, 1888, at No. 272, March T., 1888, and the defendant, L. F. Kroh, having made application to said court to strike off and open said judgment, and the court, after a full hearing on the merits of the case, having struck off said judgment as to Maggie S. Kroh on the grounds of coverture, and having refused to open the same as to L. F. Kroh, defendant, such decision and judgment is res adjudicata, and the defendants are now estopped and precluded from asking the court to again inquire into the merits of the consideration of the bond and mortgage in suit." Affirmed. [1]

" 2. That the adjudication recited in the preceding point is a determination of all questions of fraud, want or failure of consideration, etc., in favor of the plaintiffs, and conclusive not only as to the defendant, L. A. Kroh, but also as to his wife, Maggie S. Kroh, and she cannot in this action be permitted to set up the same defence to prevent a recovery." Affirmed. [2]

" 3. That the testimony on the part of the defendants is insufficient to submit to the jury as a defence on the ground of coercion or duress, and powerless to overcome the certificate of the justice taking the acknowledgment." Affirmed. [3]

Defendants' points were as follows:

" 1. If the jury find from the evidence that Mrs. M. S. Kroh was unwilling to execute the mortgage in suit; that she was importuned to do so by her husband every day from April 30, 1887, to May 13, 1887; that on the morning of May 13, 1887, he told her that a justice of the peace was coming and that the mortgage must be signed and that he wanted no more d———— fooling about it; if these facts are found to be true, they are sufficient to set aside the acknowledgment of the mortgage, and the verdict ought to be in her favor." Refused. [4]

" 2. If the jury believe the testimony of Mrs. M. S. Kroh in that she was compelled to sign and acknowledge the mortgage against her will, and that she did so under the coercion and compulsion of her husband; that, prior to such acknowledg-

ment, she expressed herself to her neighbors as averse to signing the mortgage; that her unwillingness to execute the mortgage was made known to the mortgagees; that the mortgage was given to secure the payment of a debt contracted by her husband with the mortgagees, in which the mortgagees cheated and swindled him by false and fraudulent misrepresentation concerning the engine, these facts in connection with the testimony of Mr. and Mrs. Kroh are sufficient to overcome the certificate of acknowledgment made by the justice of the peace—attached to the mortgage—and if believed the verdict ought to be in favor of Mrs. M. S. Kroh." Refused. [6]

" 3. If the jury believe that the plaintiffs falsely and fraudulently misrepresented the engine to L. F. Kroh, as to its quality, strength and ability to do the work for which it was intended, that they promised to keep the bond and mortgage in their office drawer until due; that they promised to take back the engine if it did not prove satisfactory; that these false and fraudulent misrepresentations were communicated to Mrs. Kroh before the execution of the mortgage by her; that these misrepresentations were of a character to weaken her resolution not to sign the mortgage and to mislead her into a feeling of false security; then they are to be deemed as active agents in procuring the execution of the mortgage by fraud, and are sufficient to overthrow the certificate made by the justice of the peace of the acknowledgment by Mrs. Kroh, and the verdict ought to be in favor of M. S. Kroh." Refused. [7]

Verdict and judgment for plaintiffs. Defendants appealed.

*Errors assigned* were (1–7) instructions, quoting them.

*J. H. McCain* and *M. F. Leason*, for appellant, cited: Louden v. Blythe, 16 Pa. 532; Michener and Wife v. Cavender, 38 Pa. 337; McCandless v. Engle, 51 Pa. 313; Cridge and Wife v. Hare, 98 Pa. 561.

*J. M. Hunter*, *R. B. Ivory*, *J. A. Beatty*, *C. P. Colter* and *Orr Buffington* with him, for appellees, cited: On res adjudicata: Cochran v. Eldridge, 49 Pa. 365; Kelber v. Pbgh. N. Plow Co., 146 Pa. 485; Kilheffer v. Herr, 17 S. & R. 322; Marsh v. Pier, 4 Rawle, 273; Souter v. Baymore, 7 Pa. 417; ·

Gardner v. Buckbee, 3 Cow. 127; Bigelow on Estoppel, 54, 57; Stevens v. Hughes, 31 Pa. 384; Peterson v. Lothrop, 34 Pa. 223; Estep v. Hutchman, 14 S. & R. 435; Calhoun v. Dunning, 4 Dal. 120; Casebeer v. Mowry, 55 Pa. 419; Lewis v. Nenzel, 38 Pa. 222. On the question of defective acknowledgment: Singer Mfg. Co. v. Rook et ux., 84 Pa. 442; Miller v. Wentworth, 82 Pa. 280; Heeter v. Glasgow, 79 Pa. 79; Oppenheimer v. Wright, 106 Pa. 573; Lewars v. Weaver, 121 Pa. 292; Cridge v. Hare, 98 Pa. 561.

PER CURIAM, January 3, 1893:

The plaintiffs obtained a judgment in the court below against Lewis Kroh and Margaret S. Kroh, his wife, upon a scire facias sur mortgage. The appeal is by the wife alone.

The mortgage covered the real estate of the wife and was given to the plaintiffs to enable her husband to purchase a traction engine. The mortgage was accompanied by a bond with a power of attorney to confess judgment. Judgment having been entered upon this bond, Lewis F. Kroh presented his petition to the court of common pleas, asking the said court to strike off or open the judgment on the ground of the want of consideration and fraud. The court struck off the judgment as to Margaret S. Kroh, but refused to strike off or open it as to Lewis F. Kroh. This suit was then commenced upon the mortgage, with the result of a verdict and judgment in favor of the plaintiffs, and against both defendants.

Upon the trial below the learned judge instructed the jury that the adjudication of the court upon the motion to open the judgment was a determination of all questions of fraud, want or failure of consideration, etc., in favor of the plaintiffs, and conclusive not only as to the defendant, L. F. Kroh, but also as to his wife, Margaret S. Kroh, and that she cannot in this action be permitted to set up the same defence to prevent a recovery.

The learned judge also instructed the jury that the testimony on the part of the defendants was insufficient to submit to the jury, as a defence, on the ground of coercion, and powerless to overcome the certificate of the justice taking the acknowledgment; and that there was no evidence in the case tending to show that the plaintiffs are not bona fide mortgagees for value,

without notice of fraud, imposition or duress in the execution of the mortgage by Mrs. Kroh.

We find no error in any part of these instructions. While the court below struck off the judgment as to the wife, it did not affect her liability upon the mortgage. It left her husband liable upon the bond, and she would have been liable on the mortgage if she had never executed the bond.

The certificate of the justice was a judicial act, and his certificate cannot be overcome by her unwillingness to execute the mortgage not communicated to the justice. His certificate can only be impeached for fraud. As against a person who has notice, or who has parted with no valuable consideration, the wife may avoid the instrument by showing that she was entrapped into the execution of it by craft or treachery or compelled thereto by force: Heeter v. Glasgow, 79 Pa. 79; Miller v. Wentworth, 82 Pa. 280. Titles to real estate would have a frail tenure if the certificate of the justice could be impeached and set aside upon such evidence as exists in this case.

It will appear from what has already been said that it was not error in the court below to refuse the defendant's first, second and third points.

Judgment affirmed.