Iacoponi, Appellant, *v.* Plisko.

Argued October 5, 1965. Before BELL, C. J., MUS-MANNO, JONES, COHEN, EAGEN and .O'BRIEN, JJ.

*Harry Alan Sherman,* for appellant.

*Stephen D. Marriner,* with him *McCreight, Marriner & McCreight,* for appellees.

OPINION BY MR. JUSTICE O'BRIEN, November 23, 1965:

The instant appeal is from an order of the court below, discharging a rule to show cause why a judgment entered November 10, 1958, should not be opened. The matter has been before this court previously, and the facts and procedural history are fully detailed in our earlier opinion. *Iacoponi v. Plisko,* 412 Pa. 576, 195 A. 2d 362 (1963).

Pursuant to our order, the court below reassumed jurisdiction and, after the taking of depositions and argument, resolved the factual issues adversely to appellant and entered the order appealed from. The court found, in essence, that there was no clear evidence that appellant was either an independent contractor or the victim of fraud. Having so found, the court below properly held that, absent clear, direct, precise and convincing evidence of fraud, the judgment should not be opened. *Carlson v. Sherwood,* 416 Pa. 286, 206 A. 2d 19 (1965).

Appellant vigorously contends that the court below exceeded our mandate by discharging the rule. He argues that our earlier order that "the latest order of the court below will be vacated and the record remanded . . .", limited the court below to a consideration of appellees' motion to strike. Such a narrow view is unsupportable. Our order reads as follows: "Therefore, the latest order of the court below will be vacated and

the record remanded *for such action as will resolve the disputed facts, and for such other appropriate action as those resolved facts require.*" (Emphasis supplied) It is readily apparent that the emphasized portion of our order, that material covered by ellipsis in appellant's presentation, effectively answers their contention. The court below has now resolved the disputed facts and taken the action required by the resolved facts.

Our review of this record discloses no abuse of discretion or error of law and, consequently, the determination below will not be disturbed. *Nilles v. Guiden,* 419 Pa. 271, 214 A. 2d 233 (1965), and cases cited therein.

Order affirmed.

Mr. Justice MUSMANNO dissents.