**Dino IACAPONI**

*v.*

**NEW AMSTERDAM CASUALTY COMPANY.**

Civ. A. No. 65-1352.

United States District Court
W. D. Pennsylvania.

Sept. 21, 1966.

Harry Alan Sherman, Pittsburgh, Pa., for plaintiff.

Dickie, McCamey & Chilcote, Pittsburgh, Pa., for defendant.

## OPINION

WEBER, District Judge.

This is a diversity suit against an insurance company that alleges that an agent of defendant fraudulently and conspiratorily induced plaintiff to sign a Workmen's Compensation Agreement in order to defeat plaintiff's claim against defendant's insured for serious personal injuries. The injury occurred September 18, 1955, the agreement was signed October 24, 1955, and the plaintiff thereafter received and cashed checks from the present defendant in payment under the Workmen's Compensation Act. The plaintiff now claims that he was not an employee but an independent contractor and the Workmen's Compensation Agreement was fraudulently misrepresented to him by defendant.

This matter has been extensively litigated in the State Courts of Pennsylvania and has twice been passed upon by the Supreme Court of Pennsylvania. See Iacaponi v. Plisko, 412 Pa. 576, 195 A.2d 362 (1963), and 419 Pa. 398, 214 A.2d 504 (1965). In addition to his allegation of fraud and conspiracy, plaintiff alleges that he has been denied due process of law as guaranteed by the Fourteenth Amendment to the Constitution by the technical procedural rules of the Pennsylvania courts denying him a hearing on the merits of either his fraud claim or his personal injury claim. He also alleges that he has been denied a trial by jury on the merits of his claim. He pleads that he has exhausted his state judicial remedies.

Defendant has moved to dismiss pleading the Statute of Limitations, res adjudicata, failure to exhaust state remedies, failure to raise the due process issue in the State Courts and the exclusive remedy of the Pennsylvania Workmen's Compensation Act in this case.

In October 1957, the plaintiff filed a complaint in trespass against Plisko and Grossi, t/a The West Brownsville Iron and Metal Company, in the Court of Common Pleas of Washington County, Pennsylvania. His complaint alleged that he entered into a contract with defendants for dismantling a coal tipple. The defendant there, through its insurance carrier, the present defendant, filed an Answer denying the contract, alleging that the plaintiff was its employee, stating that the plaintiff had entered into a Workmen's Compensation Agreement with its insurance carrier for Workmen's Compensation benefits and that plaintiff had been receiving compensation thereunder. The defendant claimed that plaintiff was thus estopped from initiating a trespass action against them and moved for judgment on the pleadings. No reply to this new matter raised in the answer was made and plaintiff's counsel indicated to the Court at the time for

argument that no brief or argument would be offered against this contention. On November 10, 1958, the Court of Common Pleas of Washington County, Pennsylvania, entered judgment for defendant on the pleadings. No appeal was taken.

On or about February 13, 1962, plaintiff engaged new counsel who presented a petition to the Washington County Court to open the judgment entered November 10, 1958. A Rule was issued on defendants to show cause why the judgment should not be opened. The petition for the Rule recited that plaintiff had received no notice of judgment; that the judgment was based on error since plaintiff was never an employee; and that the Workmen's Compensation Agreement had been obtained by fraud and misrepresentation while plaintiff was hospitalized suffering from shock and under sedation. Defendants filed an Answer to the petition denying its allegations and asking that the Rule be dismissed. No depositions were taken, the defendant opposing their taking. Finally after considerable argument between counsel the Common Pleas Court made the Rule absolute and opened the judgment on January 14, 1963. No explanation for this action was given by the Court. An appeal from this Order was made to the Pennsylvania Supreme Court on March 27, 1963.

The Pennsylvania Supreme Court remanded the proceedings to the Court below because the state of the record did not permit of a definitive disposition of the matter, no testimony or depositions having been taken in support of the allegations. 412 Pa. 576, 195 A.2d 362 (1963).

Thereafter the Common Pleas Court of Washington County, Pennsylvania, by an en banc court of three judges, (different from the personnel of the Court that had previously opened the judgment) considered extensive testimony by deposition and heard argument on the question of whether the judgment should be opened and the plaintiff allowed to answer the new matter and go to trial. The Court considered in detail the two contentions of the plaintiff that he was an independent contractor and that the Workmen's Compensation Agreement had been procured by fraud. An examination of the Opinion of that Court by Judge McCune, dated May 5, 1965 (Case No. 85 November Term, 1957), shows that the Court considered these allegations and the evidence in support of them thoroughly and found that there was no clear evidence that plaintiff was an independent contractor and no evidence that he was the victim of fraud. The Court dismissed the Rule and the judgment for defendant remained of record.

The second appeal to the Pennsylvania Supreme Court resulted in a finding that the Court below had now resolved the disputed facts and taken the action required by the resolved facts. The Court found no abuse of discretion or error of law and affirmed the decision. 419 Pa. 398, 214 A.2d 504 (1965).

This suit in the United States District Court followed. Plaintiff alleges that he pleads a new cause of action against a different party, and that the defense of res adjudicata is not applicable.

We do not believe that we have different party defendant before us. The present defendant is the insurer for the defendant in the State Court action, both for liability and for Workmen's Compensation coverage. Its agents secured the execution of the Workmen's Compensation Agreement on behalf of the employer, the defendant in the Court below. Its counsel appeared for the defendants in the trespass action in the State Court. All of these facts are alleged in plaintiff's present complaint.

An insurance carrier is in privity with its insured. Dally v. Pa. Thres. & F. Mut. Cas. Ins. Co., 374 Pa. 476, 97 A.2d 795 (1953). Particularly, under the Workmen's Compensation Act of Pennsylvania, the term "employer" includes his insurance carrier under the Act. 77 P.S. § 701.

The fraud which is alleged as the basis of the present action was litigated

in the court below. It was pleaded in the petition to open judgment. Testimony in support of the allegations was taken by deposition and the points were argued by counsel and passed upon by the Court in denying the motion to open judgment. The decision of the Court was reported in an extensive Opinion, and the Pennsylvania Supreme Court reviewed and approved it.

"In Wallace's Estate, 316 Pa. 148, 153, 174 A. 397, 399, this court stated: 'Broadly stated, the rule of *res judicata* is, that when a court of competent jurisdiction has determined a litigated cause on its merits, the judgment entered, until reversed, is forever and under all circumstances, final and conclusive as between the parties to the suit and their privies, in respect to every fact which might properly be considered in reaching a judicial determination of the controversy, and in respect to all points of law there adjudged, as those points relate directly to the cause of action in litigation and affect the fund or other subject-matter then before the court.'

\* \* \* \* \* \*

The thing which the court will consider is whether *the ultimate and controlling issues have been decided in a prior proceeding in which the present parties actually had an opportunity to appear and assert their rights.* If this be the fact, then the matter ought not be litigated again, nor should the parties, by a shuffling of plaintiffs [or, as in this case, defendants] on the record, or by change in the character of the relief sought, be permitted to nullify the rule." Helmig v. Rockwell Mfg. Co., 389 Pa. 21, at p. 29, 30 (1957), 131 A.2d 622.

■■ The doctrine of res adjudicata applies not only to parties but those in privity with them. Baltimore Steamship Co. et al. v. Phillips, 274 U.S. 316, 47 S.Ct. 600, 71 L.Ed. 1069 (1927). The doctrine applies to issues submitted and adjudicated by a Court on a motion to open judgment. Heilman v. Kroh, 155 Pa. 1, 25 A. 751 (1893); Ralston's Estate, Appeal of Johnston, 158 Pa. 645, 28 A. 139 (1893).

■ Therefore, we hold the determination of the Pennsylvania Supreme Court in the action of Iacoponi v. Plisko et al., 419 Pa. 398, 214 A.2d 504, to have involved the same parties and the same issues and to be res adjudicata of the issue raised in this action.

Defendant also raises the Statute of Limitations as a defense. The Pennsylvania Statute (12 P.S. § 31) requires that an action be brought on a claim of fraud in the inducement of a written contract within six years. It is obvious here that the alleged fraud was committed October 24, 1955, more than ten years prior to the filing of the within complaint. Plaintiff not only signed the Workmen's Compensation Agreement but continued to accept the payments thereunder. When plaintiff brought suit in the Common Pleas Court of Washington County in October 1957, the Workmen's Compensation Agreement was pleaded as a bar. No reply was made to this pleading and on November 10, 1958, judgment was granted on the pleadings for defendant. Plaintiff now alleges that he was unaware of the entry of this judgment, having received no notice of it. However, he was represented by counsel at the time, and the state record shows that his counsel did not oppose the motion for judgment. The Court, in entering judgment, stated: "The inaction of counsel for the plaintiff is an indication to the Court that the defendants' legal points are well taken." (Opinion of Carson, P. J., November 10, 1958, in No. 85 November Term, 1957, Court of Common Pleas of Washington County, Pennsylvania).

■ The Statute of Limitations in Pennsylvania is only tolled by active and continuing fraud concealed by the perpetrator thereof until the victim knows or has reason to know or investigate the circumstances. Rush v. Butler Fair & Agricultural Assoc., 391 Pa. 181, 137 A.2d 245 (1957); Federal Dep. Ins. Corp. v. Ciaffoni, 176 Pa.Super. 91, 107 A.2d

211 (1954). Mere mistake, misunderstanding, or lack of knowledge is not sufficient to toll the running of the statute. Schaffer v. Larzelere, 410 Pa. 402, 189 A.2d 267 (1963). We find no concealment here. Plaintiff signed the Workmen's Compensation Agreement. He received and cashed checks regularly under it. He consulted with his counsel about the checks. The agreement was pleaded in answer to his Common Pleas complaint in trespass.

■] The allegation of fraud was thoroughly explored by the Washington County Common Pleas Court which, after reviewing the depositions presented in support of the petition to open judgment, found that there was no evidence that the plaintiff was the victim of fraud. Thus, the present action is barred by the Statute of Limitations.

■ Plaintiff at no stage of the state proceedings raised the present constitutional question of denial of due process. If this action is intended as an appeal from the State Court action on those grounds he is in the wrong court. The appeal from the decision of the Supreme Court of Pennsylvania is to the United States Supreme Court. 28 U.S.C.A. § 1257, Rooker v. Fidelity Trust Co., 263 U.S. 413, 44 S.Ct. 149, 68 L.Ed. 362; Williams v. Tooke, 108 F.2d 758 (5th Cir., 1940), cert. den. 311 U.S. 655, 61 S.Ct. 8, 85 L.Ed. 419.

■ The exclusive remedy for plaintiff's action is under the Workmen's Compensation Act of Pennsylvania. 77 P.S. § 1 et seq. A Compensation Agreement under the Act is a stipulation between the parties of the existence of the employer-employee relationship. Fehr v. Y. M. C. A., Pottsville, 201 Pa.Super. 107, 192 A.2d 143 (1963). It is valid and binding on the parties unless set aside or modified in accordance with the procedure provided in the statute. (77 P.S. §§ 731, 771). See Richardson v. Walsh Construction Co., 334 F.2d 334 (3rd Cir., 1964). The plaintiff, having signed the agreement, took no action under the statute to modify or set aside the agreement. The statute provides for appeal from the administrative determinations of the Workmen's Compensation Board to the court. No trial by jury is provided. American Casualty Co. of Reading v. Kligerman, 365 Pa. 168, 74 A.2d 169 (1950). A litigant in a state court civil action has no constitutional right to a trial by jury under the Seventh Amendment or under the due process clause of the Fourteenth Amendment. A State may establish its own procedures and practices with regard to the conduct of civil litigation including the right of trial by jury. Hardware Dealers Mut. Fire Ins. Co. of Wisconsin v. Glidden Co., 284 U.S. 151, 52 S.Ct. 69, 76 L.Ed. 214 (1931). We find no denial of due process in this procedure and we further find that the procedure under the Workmen's Compensation Act of Pennsylvania is the exclusive remedy for the cause of action pleaded here.

We feel compelled to note in passing on this matter that we have grave doubts that the plaintiff's best interests will be served by pursuing the present course of action. There is no doubt that the plaintiff was gravely injured. However, the present action seems to be based upon an assumption that the plaintiff has been deprived of a great economic advantage by being barred from pursuing a civil action for trespass in the state court. The plaintiff has had the benefit of regular payments of the statutory Workmen's Compensation award over a period of years, together with medical and hospital expenses. While these may be modest they are nevertheless substantial. He has no assurance of any recovery in a civil trespass action based on a claim that he was not an employee, but an independent contractor. Even if he were to prevail in that contention he must still face the defenses of contributory negligence and assumption of risk, which, if established, would deny him any recovery. Finally, any ultimate verdict he might receive would be considerably reduced by expense of litigation and attorney's fees. We think these matters should be explained to plaintiff.

## ORDER

And now this 21st day of September, 1966, the motion of defendant to dismiss the complaint is granted, and the complaint is dismissed.