Dino IACAPONI, Appellant,

v.

**NEW AMSTERDAM CASUALTY COM-
PANY, a Corporation.**

No. 16259.

United States Court of Appeals
Third Circuit.

Submitted March 29, 1967.

Decided June 23, 1967.

Harry Alan Sherman, Pittsburgh, Pa.,
for appellant.

William C. Walker, Pittsburgh, Pa.
(Dickie, McCamey & Chilcote, Pitts-
burgh, Pa., on the brief), for appellee.

Before HASTIE and SEITZ, Circuit
Judges and BODY, District Judge.

## OPINION OF THE COURT

PER CURIAM.

The appellant, plaintiff below, was
seriously injured in an industrial acci-
dent. The appellee, as insurer of the
appellant's purported employer, induced
the appellant to sign a "workmen's com-
pensation agreement" which subsequent-
ly defeated appellant's effort to recover
as an "independent contractor" in a neg-
ligence action he brought against his
purported employer in a state court. Al-
leging that the insurance company in-
duced him to sign the "workmen's com-
pensation agreement" by fraud, the ap-
pellant has brought this diversity action
against the insurance company for dam-
ages.

The present complaint asserts, among
other things, that in the state negligence
action the plaintiff raised the issue of
fraud in obtaining the "workmen's com-
pensation agreement", but was ultimate-
ly denied recovery. Indeed, the present
complaint alleges that he "has exhausted
the state judicial remedies to set aside
the default judgment based upon the
fraudulent 'workmen's compensation
agreement', without relief therefrom".

The appellee moved to dismiss
the present complaint upon several

**312**

grounds, among them that the state court's rejection of the claim of fraud made the matter res judicata. Under Rule 8(c), Federal Rules of Civil Procedure, res judicata is an affirmative defense, to be pleaded as such. However, in this case the fact that the fraud upon which this suit is based had been litigated in the state court appears on the face of the complaint. Moreover, neither in the state court nor in the court below does it appear that the plaintiff made an issue of the manner in which the res judicata issue had been raised. Rather, he undertook to contest it on its merits and lost.

The court below took judicial notice of the state proceedings and stated that its "examination of the Opinion of that [Common Pleas] Court shows that the Court considered these allegations and the evidence in support of them thoroughly and found that there was * * * no evidence that he was the victim of fraud." Similarly, in affirming that judgment the Supreme Court of Pennsylvania said that the court below had "found, in essence, that there was no clear evidence that appellant was * * * the victim of fraud". Iacoponi v. Plisko, 1965, 419 Pa. 398, 399, 214 A.2d 504, 505. We are satisfied, as was the district court, that the merits of the fraud claim were fully presented before the state courts and resulted in an adverse decision.

█ It is true that the defendant in the state court was not the present defendant, but its insured. However, as the court below properly pointed out:

"* * * The present defendant is the insurer for the defendant in the State Court action, both for liability and for Workmen's Compensation coverage. Its agents secured the execution of the Workmen's Compensation Agreement on behalf of the employer, the defendant in the Court below. Its counsel appeared for the defendants in the trespass action in the State Court. All of these facts are alleged in plaintiff's present complaint."

We agree with the district court that these circumstances show such privity between the present defendant and the state court defendant that the litigated issue of fraud is res judicata as to both. The insurance company would have been liable for any sum recovered in the state action and its counsel actually defended the action.

In the circumstances of this case we are satisfied that it was not reversible error to decide the question of res judicata on motion to dismiss and that on its merits the decision was correct.

The judgment will be affirmed.