## Blymiller *v.* Baccanti, Appellant, et al.

Argued April 15, 1975. Before WATKINS, P. J., JACOBS, HOFFMAN, CERCONE, PRICE, VAN DER VOORT, and SPAETH, JJ.

212

*William D. Kemper*, with him *Lee C. McCandless*, and *McCandless, Chew & Krizner*, for appellants.

*Martin J. O'Brien*, for appellee.

OPINION BY PRICE, J., September 22, 1975:

This is an appeal of an order entered by the court below, amending a judgment previously affirmed by this court. We reverse the order and reinstate the judgment as affirmed.

On February 8, 1965, the appellee was injured while on premises owned by appellant and leased to Harris A. Puff, trading and doing business as The Central Hotel. After bringing suit in trespass against the appellant and the lessee, appellee received a jury verdict in the sum of $8,000, of which $5,000 was payable by the appellant and $3,000 by the lessee. The court informed the jury that with its permission the verdict would be molded as a joint verdict in the sum of $8,000 against both defendants. Upon refusal of appellant's Motion for a New Trial and Judgment N.O.V., the court directed the Prothonotary to enter judgment on the verdict in favor of the plaintiff and against both defendants. The Prothonotary, however, entered judgment for $5,000 against the appellant and $3,000 against the lessee. Appellant's counsel, while effecting his appeal, noticed the error in the recording of the judgment and advised appellee's counsel

of the fact. Several days thereafter, the appellant perfected his appeal to this court, raising the question of two judgments being entered instead of one. In *per curiam* decisions, this court, equally divided, affirmed the judgments as entered. *Blymiller v. Baccanti,* 228 Pa. Superior Ct. 765, 315 A.2d 275 (1974).; *Blymiller v. Puff,* 228 Pa. Superior Ct. 756, 315 A.2d 275 (1974). The Supreme Court of Pennsylvania denied allocatur on March 27, 1974. Counsel for the appellant then tendered payment of the $5,000 judgment as recorded. The tender was refused. Seven months later, appellee petitioned the trial court to amend the judgment affirmed by this court. The court below, after a hearing, directed the Prothonotary to amend the $5,000 judgment to read against both defendants in the sum of $8,000 and to strike the judgment against the lessee for $3,000.

The sole issue raised on this appeal is whether a trial court may, for any purpose, amend or vacate a judgment which has been affirmed by this court. The law is clear in this regard, and was concisely stated by the court in *Haefele v. Davis,* 380 Pa. 94, 98, 110 A.2d 233, 235 (1955).: "A lower court is without power to modify, alter, amend, set aside or in any manner disturb or depart from the judgment of the reviewing court as to any matter decided on appeal. (citation omitted). Under any other rule, litigation would never cease, and finality and respect for orderly processes of law would be overcome by chaos and contempt." *Accord, Swick v. School District of Borough of Tarentum,* 344 Pa. 197, 25 A.2d 314 (1942) ; *Paul v. Grimm,* 183 Pa. 326, 38 A. 1006 (1898). The requirements of orderly procedure mandate that the rights of the parties which were involved in the litigation be conclusively adjudicated on appeal. *Johnson v Muelberger,* 340 U.S. 581 (1950) ; *A. J. Aberman, Inc. v. White & Cunningham,* 410 Pa. 589, 189 A.2d 849 (1963) ; *Plunkett v. Hamnett,* 51 Pa. Superior Ct. 98 (1912). Here, the order of the court below directing amendment of the

214

affirmed judgment evidenced a relitigation of a question which had already been considered and conclusively determined by this court, and was not, therefore, open for further review by the lower court.

Appellee contends that the judgment presented to this court on appeal was a variation, produced by ministerial folly, of the true judgment intended by the jury and pronounced by the trial court. This fact, even if true, does not temper the patent invalidity of the lower court's order. It is well established that a trial court may mold or vacate a judgment so as to express the real intent of the jury and the court. *E.g.*, *Peyton v. Margiotti*, 398 Pa. 86, 156 A.2d 865 (1959) ; *Maize v. Atlantic Refining Co.*, 352 Pa. 51, 41 A.2d 850 (1945). The exercise of this power, however, must be timely if it is to be valid. Once a matter has been raised on appeal, the lower court, by its own discretion, has no power to change or strike the judgment of the reviewing court. Therefore, the order of the lower court is reversed and the judgment is reinstated as previously affirmed.