624 A.2d 644

**Joanne BENSON, Appellee,**

v.

**Dean L. BENSON, Appellant.**

Superior Court of Pennsylvania.

Submitted Jan. 6, 1993.

Filed May 7, 1993.

William A. Hebe, Wellsboro, for appellant.

John F. Cowley, Wellsboro, for appellee.

Before WIEAND, OLSZEWSKI and HESTER, JJ.

OLSZEWSKI, Judge:

This is an appeal from a judgment entered on March 3, 1992. The Honorable Robert E. Dalton denied appellant Dean Benson's ["Dean's"] exceptions to a master's recommendation regarding the equitable distribution of the parties' marital property. We affirm.

The subject of this appeal is whether the trial judge abused his discretion in valuing Dean's business at the date of the

parties' separation, rather than a date closest to distribution. This issue, however, was decided in Dean's favor by another panel of this Court in an unpublished memorandum. *Benson v. Benson*, 405 Pa.Super. 621, 581 A.2d 967 (1990) [*Benson I* ]. The *Benson I* panel ordered the trial judge to value the business at the date of equitable distribution. After the remand, however, the trial court reinstated its original order, relying on the recent case of *McNaughton v. McNaughton*, 412 Pa.Super. 409, 603 A.2d 646 (1992). Thus, the dispositive issue in this case is whether the trial judge abused his discretion when he reinstated his original order in apparent defiance of *Benson I*. Proper resolution of this matter necessarily involves a detailed account of the procedural and factual history relevant to this issue.

Dean and Joanne were married for 27 years before they separated in 1984. Joanne commenced an action for divorce on June 18, 1984, which was entered by consent on October 12, 1987. The economic issues were scheduled to be resolved in September, 1989. Dean's business, M & D Truck Lines ["M & D"], was among the marital property. M & D is a sole proprietorship over which Dean maintains full control. After a hearing, the master recommended that the parties receive a fifty-fifty share of the marital assets and valued the business at $121,000.00, its value as of December 31, 1984, the date closest to the parties' separation. The trial judge adopted the master's recommendation and denied Dean's contention that the the business should be valued at $101,309.02 representing M & D's value as of December 31, 1987, the date closest to distribution. The Superior Court entertained Dean's and Joanne's cross appeals in *Benson I*.

The *Benson I* panel rejected Joanne's contention that the business should be valued at the date of separation because of Dean's exclusive control over and ability to dissipate M & D's assets. The panel held that the Divorce Code contemplates valuation of marital assets, in the usual case, as of the date of distribution. *See Sutliff v. Sutliff*, 518 Pa. 378, 543 A.2d 534 (1988); *Tocco v. Tocco*, 389 Pa.Super. 310, 567 A.2d 303 (1989). Thus, the panel reasoned:

In the matter *sub judice,* the lower court and the master failed to enumerate, nor can we find in the record, any reasons why the December 1984 valuation serves to provide for greater economic justice between the parties. Further, the record is devoid of any evidence that there may have been a situation between the parties "while [sic] marital assets have been consumed or disposed of by one of the parties, thus rendering current valuation impossible and making it necessary to rely on data that would otherwise be considered stale." *Sutliff v. Sutliff,* 518 Pa. at 38, 543 A.2d at 536. Thus, we find the December 31, 1987 value to be more appropriate in this particular case.

*Benson I,* 581 A.2d 967 (Table).

*Benson I* was filed on August 8, 1990, remanding the case to the trial court for proceedings consistent with its holding. On August 10, 1990, the trial court remanded the matter to the master for redistribution and ordered the parties to submit a valuation of M & D as of August 10, 1990. Neither party complied with the order and on August 19, 1991, the trial court entered an order adopting the master's recommendation that the court reinstate its original order, again valuing the business as of the date of separation. The master reasoned that since Dean was the sole proprietor of M & D Truck Lines and had the ability to directly control the business's assets, the date of separation better worked economic justice between the parties. Dean filed exceptions to the new order, claiming that the trial court was obliged to follow the Superior Court's order in *Benson I* and value the business as of 1987. His exceptions were denied on March 3, 1992.

In its opinion supporting its denial of Dean's exceptions, the trial court cites *McNaughton, supra,* for the proposition that the trial judge has discretion to choose valuation dates of marital assets in such a way that will work justice between the parties. *McNaughton* held that it was not an abuse of discretion for a trial judge to value, as of the date of separation, a closely held business which is largely under the control of one spouse to the exclusion of the other. A family business warrants a deviation from the general rule that

assets should be valued as of the date of distribution because of the great influence that the controlling spouse may have upon the business's assets. *McNaughton* at 413, 603 A.2d at 649. We hold that while a trial court may not generally be excused from complying with an order from the appellate court, the trial judge's effort to comply with the order and the equitable nature of the Divorce Code warrant application of *McNaughton* in this case. The trial judge did not abuse his discretion in valuing M & D as of the date the parties separated. We therefore affirm the trial court's order.

We recognize that generally a trial court may not fail to follow an order from the appellate court. In *Haefele v. Davis*, 380 Pa. 94, 110 A.2d 233 (1955), appellant argued that the trial court erred when it refused to hear "additional evidence" that supported his contention that the lower court lacked subject matter jurisdiction. In an earlier appeal in the same case, the Supreme Court held that appellant did not meet his burden in establishing that the lower court lacked jurisdiction. On subsequent appeal to the Supreme Court, appellant argued that since subject matter jurisdiction cannot be waived, the lower court erred in refusing to permit him to introduce the "additional evidence" after the first remand. The Supreme Court stated:

> Here the question of jurisdiction was raised in this Court and determined. A lower court is without power to modify, alter, amend, set aside, or in any manner disturb or depart from the judgment of the reviewing court as to any matter decided on appeal. Under any other rule, litigation would never cease and finality and respect for orderly processes of law would be overcome by chaos and contempt. One trial of an issue is enough.

*Id.* at 95, 110 A.2d at 235 (citations omitted); *see also*, *Blymiller v. Baccanti*, 236 Pa.Super. 211, 344 A.2d 680 (1975); Pa.R.A.P. Rule 2591(a).

In this case, the *Benson I* panel considered the arguments made by both parties and determined that the trial judge abused his discretion by valuing the business on the date of separation. However, the *Benson I* panel, in ordering the

trial court to value M & D on the date closest to the date of distribution, expressed its preference for the 1987 valuation, the most recent valuation before it. Since the case was not remanded until 1990, the trial court properly ordered the parties to file current valuations. A trial court generally cannot be faulted for molding an order designed to implement the appellate court's decision. *See Iacoponi v. Plisko*, 419 Pa. 398, 214 A.2d 504 (1965) (trial court may create an order which is within the scope of an appellate court's order). When neither Dean nor Joanne responded to the trial court's order, the trial court was in the unenviable position of either valuing the business in frustration of *Benson I* (by valuing the business on the date of separation) or valuing it in frustration of the Divorce Code (by using a stale valuation). Since *McNaughton* was decided before the trial judge ruled on Dean's exceptions to valuing the business as of the date of separation, we can hardly fault him for resolving his dilemma by relying on it.

 Moreover, we note that since the *Benson I* panel decided that M & D should be valued on a date closest to the date of equitable distribution, we would normally be precluded from revisiting the issue. The "law of the case" doctrine prohibits an appellate court from revisiting an issue that has been decided in an earlier appeal in the same case between the same parties. *Tyro Industries v. Wood*, 418 Pa.Super. 296, 614 A.2d 279 (1992). However, our Supreme Court has indicated that the law of the case doctrine does not have absolute preclusive effect:

> The doctrine of "the law of the case" is that, when an appellate court has considered and decided a question submitted to it upon appeal, it will not, upon a subsequent appeal on another phase of the case, reverse its previous ruling even though convinced it was erroneous. This rule has been adopted and frequently applied in our own State. It is not, however, inflexible. It does not have the finality of the doctrine of *res judicata*. "The prior ruling may have been followed as the law of the case but there is a difference between such adherence and *res judicata;* one directs dis-

cretion, and the other supercedes it and compels judgment. In other words, in one it is a question of power, in the other of submission." The rule of the "law of the case" is one largely of convenience and public policy, both of which are served by stability in judicial decisions, and it must be accommodated to the needs of justice by the discriminating exercise of judicial power.

*Burke v. Pittsburgh Limestone Corp.*, 375 Pa. 390, 393, 100 A.2d 595, 598 (1953).

We find that the equitable considerations of *McNaughton* should apply to this case. *McNaughton*'s premise is the simple proposition that when one spouse maintains control over the assets of a closely held business to the exclusion of the other, there is a distinct possibility that the spouse may exert that control in an effort to gain favorable treatment in divorce court. Thus, in such a situation, it is not an abuse of discretion to deviate from the general valuation rules. To require the excluded spouse to show actual proof of his or her spouse's improper finagling, as the *Benson I* panel would, defies *McNaughton*'s premise. Thus, we would be working a potential injustice to Joanne under the pretense of protecting finality.

The Divorce Code seeks to attain a fair result for both parties to a divorce. Here, the master and the trial judge, who are best situated to formulate an equitable distribution scheme, have twice held that a more fair result would be achieved by valuing M & D Truck Lines at the date the parties separated. This is the precise scenario sanctioned by *McNaughton*. To ignore *McNaughton* in favor of an illusory interest in finality (the case has already been in the courts for years beyond what should be necessary to fashion an equitable distribution), would be anomalous.

Judgment affirmed.

Concurring statement by WIEAND, J.

WIEAND, Judge, concurring:

I concur. The date of separation, in my judgment, was the date contemplated by the legislature for the evaluation of

marital assets in divorce actions. See: 23 Pa.C.S. § 3501(a). This is particularly so in cases where one spouse owns and operates a business. The other spouse should neither benefit from nor be prejudiced by the individual activity of the business-operating spouse after separation. To permit the value of the business to be increased or reduced following separation because of the individual efforts of the working spouse is to encourage an unfair result, prolong the acrimony between spouses, prevent each spouse from getting on with his or her life, and discourage individual effort following separation.