NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 09-4667
_____

ROBERT M. MUMMA, II,
Appellant

v.

HIGH SPEC, INC.; BARBARA McK. MUMMA;
LISA MUMMA MORGAN; JAMES L.S. BOWDISH;
KIM COMPANY
_____

Appeal from the United States District Court
for the Middle District of Pennsylvania
(D.C. Civil No. 1-09-cv-01447)
District Judge: Honorable Sylvia H. Rambo
_____

Submitted Under Third Circuit LAR 34.1(a)
November 4, 2010

Before:  SCIRICA, RENDELL and ROTH, <u>Circuit</u> <u>Judges</u>

(Filed: November 5, 2010)
_____

OPINION OF THE COURT
_____

<u>RENDELL</u>, <u>Circuit Judge</u>.

Plaintiff-appellant Robert M. Mumma, Jr. ("Robert, Jr.") brought this case under

42 U.S.C. § 1983 against defendants High-Spec, Inc., Barbara McK. Mumma, Lisa

Mumma Morgan, and the Kim Company and defendant James L.S. Bowdish.  Robert, Jr.

alleged that defendants cheated him out of a $184,135.34 loan and, in so doing, violated his Fifth and Fourteenth Amendment Due Process rights. Each defendant filed a separate Motion to Dismiss pursuant to Rule 12(b)(6). The District Court for the Middle District of Pennsylvania found that Robert, Jr.'s claims were barred by Pennsylvania's two-year statute of limitations on personal injury actions and granted the defendants' Motions to Dismiss; Robert, Jr. now appeals that decision. We will affirm.

The District Court exercised jurisdiction pursuant to 28 U.S.C. § 1331. We have jurisdiction under 28 U.S.C. § 1291 to review the District Court's final order.

Because we write primarily for the parties, we will not provide a lengthy recitation of the unusual facts that gave rise to Robert M. Mumma's lawsuit against his sisters and their lawyer. Robert M. Mumma, Sr. ("Robert, Sr.") died testate on April 2, 1986; included in his estate was the Kim Company ("Kim Co."), a company partially owned by his children, Robert, Jr., Barbara and Lisa. Kim Co. was thereafter dissolved and its assets were transferred to a tenants-in-common agreement referred to as "MRA I," which was signed by Robert, Jr. and other shareholders on December 19, 1986. In a declaratory judgment in 1992, Judge Sheely of the Court of Common Pleas of Cumberland County, PA, declared that MRA I was validly executed on December 19, 1986.

Defendant High-Spec was a corporation in which Robert, Sr. and Robert, Jr. each had a 50% ownership interest. After Robert, Sr. died, Barbara and Lisa, the executors of his estate, filed a complaint seeking to dissolve High-Spec. A Florida trial court found that High-Spec owed MRA I $415,229.28, part of which stemmed from a loan made by

2

Kim Co. to High-Spec in 1985. As a result of various orders and appeals, the amount of the loan was eventually reduced to $330,320.91. On April 28, 2009, the Florida Circuit Court issued an order requiring a receiver to pay that amount to MRA I.

Robert, Jr.'s complaint against Barbara, Lisa, and James Bowdish, Barbara and Lisa's attorney in the Florida litigation, alleged that Kim Co. loaned $184,135.34 to High-Spec that was never repaid and that Barbara and Lisa acted fraudulently in claiming control of Kim Co. and creating MRA I. Specifically, Robert, Jr. claimed that a valid, enforceable agreement transferring Kim Co.'s assets to MRA I never existed because the documents Barbara and Lisa submitted to the Cumberland County court in support of their claims of control of Kim Co. were forged. Only based on these forged documents did Judge Sheely conclude that MRA I was validly executed and that Kim Co.'s assets were validly transferred. Thus, Robert, Jr. claimed, Barbara and Lisa's forgery induced the Cumberland County Court of Common Pleas to use its state power of legal compulsion to deprive Kim Co. of its property interest in the debt owed to it by High-Spec in violation of the Due Process component of the Fifth and Fourteenth Amendments. In addition, plaintiff alleged that this fraud permitted defendants to effectuate another fraud involving the Florida Circuit Court's authority.

The District Court held that plaintiff's 42 U.S.C. § 1983 claim for violation of his Due Process rights was barred by Pennsylvania's two-year personal injury statute of limitations. Our review of the District Court's grant of defendants' motion to dismiss is de novo. *Dique v. N.J. State Police*, 603 F.3d 181, 188 (3d Cir. 2010). The applicability

3

of a statute of limitations is a legal question that we review *de novo*. *Syed v. Hercules, Inc.*, 214 F.3d 155, 159 n. 2 (3d Cir. 2000).

The statute of limitations for any § 1983 claim is the forum state's limitations statute for personal injury actions. *See Wilson v. Garcia*, 471 U.S. 261, 266-67 (1985). In this case, the applicable statute of limitations is Pennsylvania's two-year statute of limitations for personal injury actions. *See* 42 Pa. Cons. Stat. § 5524. Though a statute of limitations defense generally cannot be raised by way of a 12(b)(6) motion, an exception known as the "Third Circuit Rule" permits this when the statute of limitations bar is apparent on the face of the complaint. *Benak ex rel. Alliance Premier Growth Fund v. Alliance Capital*, 425 F.3d 396, 400 n.14 (3d Cir. 2006).

In determining that plaintiff's claim was time barred, the District Court noted that it relied not only on allegations made in Robert's complaint but also on parts of the public record – namely, the Cumberland County Court of Common Plea's decision and the Florida Circuit Court opinion that Robert referenced in his complaint. The District Court explained that the complaint's reliance on these two rulings permitted the Court to examine the decisions and still remain within the bounds of the Third Circuit Rule. *See S. Cross Overseas Ag., Inc. v. Wah Kwong Shipping Grp Ltd.,*, 181 F.3d 410, 427 (3d Cir. 1999)).[1]

---

[1] The District Court acted appropriately in looking to the public record. In *S. Cross Overseas*, we affirmed a District Court's grant of defendant's 12(b)(6) motion on statute of limitations grounds; we concluded that it was permissible to take judicial notice of, and to consider in determining whether plaintiff's action was barred by a statute of

Regarding the tolling of the statute of limitations on Robert, Jr.'s § 1983 claim, the District Court concluded that he knew or should have known all the facts needed to establish his constitutional claims no later than 2005. The Court pointed to two factual developments – the alleged forgeries of the MRA I agreement resulting in Judge Sheely's 1992 decision and the Florida Circuit Court's decision to award a judgment to MRA I rather than to Kim Co. in 1993 – that were the "necessary predicates" to Robert's constitutional claims. Moreover, even if Robert did not become aware of the forgeries until December, 2005, when he allegedly saw the original documents, the statute of limitations still would have expired in December, 2007, long before he filed his complaint in July, 2009.

Plaintiff makes two arguments to support his claim that the District Court erred in concluding that his action was time barred. Both are without merit. First, Robert, Jr. claims that a statute of limitations cannot bar a claim for relief from a judgment obtained by fraudulent conduct. Even if we accept all facts alleged by the plaintiff to be true, as we must when considering a motion to dismiss, *Odd v. Malone*, 538 F.3d 202, 207 (2009), Robert, Jr.'s argument fails. The cases he cites establish that a court may set aside its own judgment when the judgment was obtained by fraudulent means, *see, e.g.*,

limitations, a New Jersey bankruptcy opinion on which plaintiff's complaint relied "as a matter of public record." *S. Cross Overseas Ag.*, 181 F.3d at 413. *See also Sands v. McCormick*, 520 F.2d 263, 268 (3d Cir. 2007); *Pension Benefit Guar. Corp. v. White Consol. Indus.., Inc.,* 998 F.2d 1192, 1196 (3d Cir. 1993); *Iacpaoni v. New Amsterdam Cas. Co.*, 379 F.2d 311, 311-12 (3d Cir. 1967).

*Hazel-Atlas Glass Co. v. Hartford-Empire Co.,*, 322 U.S. 238 (U.S. 1944); *Root Refining Co. v. Universal Oil Products Co.*, 169 F.2d 514 (3d Cir. 1948); they do not establish that mere allegations of fraud on a court eradicate the statutory time bar on claims arising from the alleged fraud.  We find no authority to support such a proposition.

Second, Robert, Jr. argues that his Due Process claim arises from a continuing course of conduct by defendants and, thus, is not time barred.  He claims that the latest action in this case – defendants' petitioning the Florida Circuit Court to have the receiver pay MRA I with money from High-Spec's asset pool – occurred in April, 2009, within three months of Robert's complaint.

We agree with the District Court that this order was not "a new violation" but instead a "perpetuation of the original violation of due process alleged by Robert." *Mumma v. High-Spec, Inc.*, No. 1:09-CV-1447, 2009 WL 4723258, at *7 (M.D. Pa. Dec. 2, 2009).  We have explained that "'[t]he focus of the continuing violations doctrine is on affirmative acts of the defendants'" and that "'a continuing violation is occasioned by continual unlawful acts, not continual ill effects from the original violation.'"  *Weis-Buy Serv., Inc. v. Paglia*, 411 F.3d 415, 422-23 (quoting *Cowell v. Palmer Twp.*, 263 F.3d 286, 293 (3d Cir. 2005)).  In addition, the doctrine does not apply when a plaintiff "is aware of the injury at the time it occurred." *Morganroth v. Norris, McLaughlin & Marcus, P.C.*, 331 F.3d 406, 417 n. 6 (3d Cir. 2003).  Here, the affirmative act on which Robert bases his Due Process claim is the forgery of the MRA I agreement and the Florida court's 1994 judgment.  The subsequent court order that Robert points to as

6

evidence of the continuing nature of defendants' violation is merely a "continual ill effect" of the alleged fraud, not a "continual unlawful act" perpetrated by the defendants. Moreover, Robert was aware of the injuries resulting from the forgery in 2005 at the latest. The continuing violations doctrine does not save his claim from the two-year statute of limitations.

Accordingly, we will affirm.