J. A18018/16

**NON-PRECEDENTIAL DECISION – SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| NATIONSTAR MORTGAGE, LLC | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| v. | : | |
| | : | |
| MARK JOSEPH ELSESSER, | : | No. 83 MDA 2016 |
| | : | |
| Appellant | : | |

Appeal from the Order Entered December 18, 2015,
in the Court of Common Pleas of Berks County
Civil Division at No. 2013-15154

BEFORE:  FORD ELLIOTT, P.J.E., BENDER, P.J.E., AND STEVENS,* P.J.E.

MEMORANDUM BY FORD ELLIOTT, P.J.E.:          **FILED SEPTEMBER 13, 2016**

Mark Joseph Elsesser appeals from the order entered December 18, 2015, denying his Petition to Strike Judgment.  We affirm.

This court summarized the history of this case in a prior memorandum as follows:

> On December 29, 2006, Elsesser executed a promissory note ("Note") and Mortgage on the property at 3425 Fairchild Street, Alburtis, PA 18011[-]2632, in consideration of his borrowing $173,000 from Countrywide Home Loans, Inc. (Countrywide).  Both the Note and Mortgage were recorded in the Berks County Recorder of Deeds Office.  Countrywide's nominee was Mortgage Electronic Registration Systems, Inc. ("MERS").  On April 26, 2012, MERS assigned the Mortgage and Note and "all beneficial interest" thereunder to "Bank of America, NA, Successor by merger to BAC

---

* Former Justice specially assigned to the Superior Court.

Home Loans Servicing, LP FKA Countrywide Home Loans Servicing, LP."

The assignment was recorded in the Berks County Recorder of Deeds Office on April 30, 2012. The Mortgage and Note, and "all beneficial interest" were again assigned on May 10, 2013, from Bank of America to Appellee Nationstar. The assignment was also recorded in the Berks County Recorder of Deeds Office on June 6, 2013.

Nationstar alleged that Elsesser defaulted under the Mortgage and Note by failing to make payments due March 1, 2012, and each month thereafter. Per the account statement, supplied by Nationstar as Exhibit "C" to the motion for summary judgment, the last payment applied to Elsesser's mortgage account was on March 27, 2012. Elsesser has provided no affidavit or other proof of payment since that time.

Bank of America issued a combined Act 6[Footnote 1]/Act 91[Footnote 2] Notice (Notice) to Elsesser, dated February 5, 2013. Proof of mailing the Notice was attached to the Motion for Summary Judgment as Exhibit "D." It appears from the United States Postal Service tracking sheet that Elsesser failed to claim the mail. Elsesser, however had been afforded the opportunity to avail himself of the protections provided by the Homeowner's Emergency Mortgage Assistance Program[Footnote 3] ("HEMAP"). Despite this opportunity, he failed to take advantage of HEMAP; consequently, Nationstar proceeded with its foreclosure action.

[Footnote 1] 41 P.S. § 403(b).

[Footnote 2] 13 Pa.C.S. § 3205(b).

[Footnote 3] HEMAP is a state loan program which offers remedies for Pennsylvania citizens facing mortgage foreclosure. Citizens either may receive a short-term loan to cure default, or may

> opt for continuing subsidies to aid in avoiding future default. **See** 35 P.S. §§ 1680.401c-412c.
>
> Nationstar filed its complaint in mortgage foreclosure against Elsesser on June 17, 2013. Service of the complaint and Notice regarding the mortgage foreclosure diversion program was made upon Elsesser on July 8, 201[3]. On August 13, 2013, Elsesser filed preliminary objections that contained a demand for a jury trial. Nationstar's Motion to Strike Defendant's Jury Trial Demand was granted on September 26, 2013. On November 14, 2013, Elsesser's preliminary objections were overruled after argument. Elsesser filed his Answer to the Complaint on December 3, 2013. On April 8, 2014, Nationstar filed its motion for summary judgment. On May 6, 201[4], Elsesser filed a motion in opposition to Nationstar's motion for summary judgment. After argument on July 7, 2014, the Court granted Nationstar's summary judgment motion. Elsesser filed a timely Notice of Appeal on July 30, 2014. On August 6, 2014, the Court ordered Elsesser to file a Pa.R.A.P.1925(b) Concise Statement of Errors Complained of on Appeal, which he did on August 28, 2014.

**Nationstar Mortg., LLC v. Elsesser**, 2015 WL 7454141 at *1 (Pa.Super. March 13, 2015) (unpublished memorandum).

In a memorandum decision filed March 13, 2015, this court affirmed the order granting summary judgment in favor of Nationstar, concluding, **inter alia**, that Nationstar had standing to commence foreclosure where it produced the original Note. **Id.** at *4. This court also rejected appellant's argument regarding the chain of ownership of the loan:

> Where the Note can be classified as a negotiable instrument, and Nationstar can demonstrate possession of that instrument, the validity of the

> transfer of the loan is ultimately not controlling. There is no risk of double liability, as Elsesser argues, because even if the assignment to Nationstar was defective, his liability would nonetheless be discharged by virtue of payment to Nationstar. ***See J.P. Morgan*** [***Chase Bank, N.A. v. Murray***], 63 A.3d [1258] at [1265] [(Pa.Super. 2013)]; 13 Pa.C.S. § 3602(a) (discharging liability after payment to instrument holder). As such, with the threat of double liability gone, Elsesser cannot demonstrate that he has or will suffer injury if Nationstar is permitted to proceed.

***Id.*** (footnote omitted).

Appellant did not file a petition for allowance of appeal with the Pennsylvania Supreme Court. However, on December 9, 2015, appellant filed a Petition to Strike Judgment, alleging that the judgment was void and unenforceable because the process of securitization of the Note stripped Nationstar of any standing. Appellant's Petition to Strike Judgment was denied on December 18, 2015. Appellant filed a motion for reconsideration which was denied on January 6, 2016. A timely notice of appeal was filed on January 13, 2016. On January 21, 2016, appellant was ordered to file a concise statement of errors complained of on appeal within 21 days pursuant to Pa.R.A.P. 1925(b); appellant complied on February 6, 2016, and the trial court filed a Rule 1925(a) opinion on February 16, 2016.

Appellant has raised the following issues for this court's review:

(I)[.] Has the Promissory Note been destroyed voluntarily within the meaning of the Uniform Commercial Code through securitization?

> (II).   At any point in the lifetime of this case, was the Promissory Note ever a negotiable instrument within the meaning of the Uniform Commercial Code[?]
>
> (III).  Did the trial court err in failing to strike (vacate) the judgment in this matter where [appellant] made a showing of both fraud and extraordinary cause (i.e. securitization of the Note)?
>
> (IV).   Has the act of securitization of the Promissory Note obliterated the Plaintiff's standing and status as a "real party in interest" (as previously upheld by this Court and the Superior Court) and can standing be lost by a party, post-judgment, where a demonstration is made, as here, that said judgment was obtained on the basis of fraud?

Appellant's brief at 9.

Initially, we note that appellant took an appeal from the order entering summary judgment in favor of Nationstar, and this court affirmed that order on the merits. Whether or not, as appellant argues, MERS voluntarily destroyed the Note, by splitting it from the Mortgage during the process of securitization, was an argument which could have been raised on the first appeal. As Nationstar contends, appellant is asking for another "bite at the apple," essentially seeking reconsideration of this court's decision affirming summary judgment. (Appellee's brief at 9.)

> The law of the case doctrine refers to a family of rules which embody the concept that a court involved in the later phases of a litigated matter should not reopen questions decided by another judge of that same court or by a higher court in

the earlier phases of the matter . . . . The various rules which make up the law of the case doctrine serve not only to promote the goal of judicial economy . . . but also operate (1) to protect the settled expectations of the parties; (2) to insure uniformity of decisions; (3) to maintain consistency during the course of a single case; (4) to effectuate the proper and streamlined administration of justice; and (5) to bring litigation to an end.

*Commonwealth v. McCandless*, 880 A.2d 1262, 1267 (Pa.Super. 2005), *appeal dismissed as improvidently granted*, 593 Pa. 657, 933 A.2d 650 (2007) (quoting *Commonwealth v. Starr*, 541 Pa. 564, 664 A.2d 1326, 1331 (1995)).

*Commonwealth v. Gacobano*, 65 A.3d 416, 419-420 (Pa.Super. 2013).

Thus, under the doctrine of the law of the case,

when an appellate court has considered and decided a question submitted to it upon appeal, it will not, upon a subsequent appeal on another phase of the case, reverse its previous ruling even though convinced it was erroneous. This rule has been adopted and frequently applied in our own State. It is not, however, inflexible. It does not have the finality of the doctrine of *res judicata*. "The prior ruling may have been followed as the law of the case but there is a difference between such adherence and *res judicata*; one directs discretion, and the other supercedes it and compels judgment. In other words, in one it is a question of power, in the other of submission." The rule of the "law of the case" is one largely of convenience and public policy, both of which are served by stability in judicial decisions, and it must

> be accommodated to the needs of justice by the discriminating exercise of judicial power.
>
> ***Commonwealth v. McCandless***, ***supra*** at 1268 (Pa.Super. 2005) (quoting ***Benson v. Benson***, 425 Pa.Super. 215, 624 A.2d 644, 647 (1993)).

***Id.*** at 420.

As stated above, this court already determined that as bearer of the Note, Nationstar had standing to bring a foreclosure action. ***See CitiMortgage, Inc. v. Barbezat***, 131 A.3d 65, 69 (Pa.Super. 2016) ("The note as a negotiable instrument entitles the holder of the note to enforcement of the obligation."), citing 13 Pa.C.S.A. §§ 3109(a), 3301. Nationstar produced both the original Note and Mortgage, showing that appellant was granted $173,000 in exchange for an interest in his property. As such, Nationstar had an enforceable security interest. ***Elsesser***, 2015 WL 7454141 at *4-5. Appellant did not attempt to dispute that he was in default. ***Id.*** at *2. Appellant has offered no compelling reason to revisit this court's prior determination.

Appellant cites case law for the proposition that a petition to strike a judgment as void may be brought at any time. (Appellant's brief at 16.) ***See Helms v. Boyle***, 637 A.2d 630, 632 n.2 (Pa.Super. 1994) ("Absent fraud or extraordinary cause, a petition to open, vacate or for reconsideration must be brought within thirty (30) days of the entry of judgment in a contested proceeding, however, a motion to strike a judgment

as void, may be brought at any time." (citations omitted)). **See also Williams v. Wade**, 704 A.2d 132, 134 (Pa.Super. 1997), **appeal denied**, 729 A.2d 1130 (Pa. 1998) ("void judgments should be stricken regardless of the passage of time").

Nevertheless, appellant's argument that the process of securitization somehow "destroyed" the Note and it ceased to be a secured asset or negotiable instrument tied to any collateral or debt obligation is nonsense. Notably, appellant cites no binding Pennsylvania authority for such a proposition, and this court is aware of none. However, courts in other jurisdictions, including the federal courts, have consistently rejected the notion that securitization of mortgages separates the mortgage from the note, thereby converting the note into a security which destroys its negotiability:

> Attempts to base claims on the securitization of a mortgage and the alleged separation of the mortgage and note have not been well received by courts around the country. **See Leone v. Citigroup**, No. 12-10597, 2012 WL 1564698, at *4 (E.D.Mich. May 2, 2012) (collecting cases); **Mitchell v. Mortgage Electronic Registration Systems, Inc.**, No. 1:11-cv-425, 2012 WL 1094671, at *3 (W.D.Mich. Mar. 30, 2012); **Bhatti v. Guild Mortg. Co.**, No. C11-0480JLR, 2011 WL 6300229, at *5 (W.D.Wash. Dec. 16, 2011) ("Securitization merely creates a separate contract, distinct from the Plaintiffs' debt obligations under the Note, and does not change the relationship of the parties in any way.").

***Keyes v. Deutsche Bank Nat. Trust Co.***, 921 F.Supp.2d 749, 762-763 (E.D.Mich. 2013).  ***See also Rodenhurst v. Bank of Am.,*** 773 F.Supp.2d 886, 898 (D.Haw. 2011) (collecting cases and noting, "[C]ourts have uniformly rejected the argument that securitization of a mortgage loan provides the mortgagor with a cause of action."); ***In re Williams***, 395 B.R. 33, 47 (S.D.Ohio 2008) (securitization of indebtedness irrelevant to validity of mortgage).

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 9/13/2016