614 A.2d 279

**TYRO INDUSTRIES, INC., Appellant,**

**v.**

**JAMES A. WOOD, INC., Great American Insurance Company, and AFCO Credit Corporation, Appellees.**

Superior Court of Pennsylvania.

Argued May 13, 1992.

Filed Sept. 8, 1992.

Ethan N. Halberstadt, King of Prussia, for appellant.

Michael Glasheen, Philadelphia, for appellee AFCO Credit Corp.

Charles D. Fazio, Philadelphia, for appellee Great American.

Before WIEAND, OLSZEWSKI and KELLY, JJ.

OLSZEWSKI, Judge.

This is an appeal from the order entered June 10, 1991, in the Court of Common Pleas of Philadelphia County, granting appellee AFCO Credit Corporation's (AFCO) motion to dismiss on the basis of forum non conveniens. The factual and procedural history of this case follows.

Appellant Tyro Industries (Tyro) is a New York corporation registered to do business in Pennsylvania, and which maintains its principal place of business in New York. Appellee AFCO is a business incorporated under the laws of New York. Appellee Great American Insurance Company is a New York corporation. The instant controversy was generated out of a construction project in Northampton County, Pennsylvania, wherein Tyro was a subcontractor with the Pennsylvania Department of Transportation (PennDOT), and was required to maintain insurance coverage in order to work on that project. James Wood, Inc., acting as an insurance broker, issued insurance coverage under a Great American Insurance Company policy. AFCO financed payment for the insurance coverage.

The insurance contract was written and subsequently suspended, for alleged failure to pay premiums, in the State of New York. As a result of the suspension, Tyro was discharged from the construction project. Consequently, Tyro filed a complaint in the Philadelphia Court of Common Pleas alleging that Great American, AFCO, and Wood breached their contracts with Tyro when they caused the insurance coverage to be improperly suspended. Shortly after the complaint was filed, Wood filed preliminary objections on the basis of jurisdiction. The trial court denied these objections, and Wood appealed. On December 27, 1990, this Court reversed the trial court's order allowing Pennsylvania to assert jurisdiction over Wood. (R.R. at 112a–119a.) On April 25, 1991, the trial court vacated its previous order and dismissed Tyro's complaint against Wood for lack of personal jurisdiction. (R.R. at 4a.) Wood is no longer a party to this action.

AFCO consequently filed a renewed motion to dismiss on the basis of forum non conveniens. (R.R. at 131a.) Tyro answered the petition by asserting that Pennsylvania was the appropriate forum for this action. On June 5, 1991, the Court of Common Pleas of Philadelphia County granted AFCO's renewed petition to dismiss. Tyro's present appeal is from that order.

Two issues are presented for our review. First, Tyro asserts that neither party to this action has satisfied the requisites of Pa.R.C.P. 209, which requires that the parties resolve material factual disputes before an action is dismissed. *See* Pa.R.C.P. No. 209, 42 Pa.C.S.A. Second, Tyro asserts that the renewed petition to dismiss was erroneously granted, because at the time of the dismissal there were remaining issues of material fact in dispute concerning the most appropriate forum. Finding no merit to either of appellant's allegations of error, we affirm the order of the trial court dismissing this action, without prejudice to file again in another forum. Before addressing these issues, we find it necessary to address the trial court's forum non conveniens analysis, because it is related to appellant's first argument.

 This controversy is partly governed by Pennsylvania's Long Arm Statute. *See* 42 Pa.C.S.A. § 5322 *et seq.* Because our courts are without the authority to transfer cases to other states, dismissal of the action is the only appropriate result. *See Alford v. Phila. Coca-Cola Bottling,* 366 Pa.Super. 510, 531 A.2d 792 (1987). Section 5322 allows for dismissal of interstate controversies under the doctrine of forum non conveniens, when a court determines that another state offers a more appropriate forum for the case. 42 Pa.C.S.A. § 5322(e). The decision to dismiss is within the trial court's discretion, and will not be reversed where there is no abuse of discretion. *Beatrice Foods Co. v. Proctor and Schwartz, Inc.,* 309 Pa.Super. 351, 359–60, 455 A.2d 646, 650 (1982). It is not enough for an appellant challenging dismissal to persuade the appellate court that it might have reached a different conclusion. If there is any basis for the trial court's decision, the ruling will

not be disturbed. *Cinousis v. Hechinger Dept. Store,* 406 Pa.Super. 500, 594 A.2d 731 (1991) (citations omitted).

We have held that a court should not deprive a plaintiff of the chosen forum unless the defendant clearly presents facts that "either (1) establish such oppressiveness and vexation to a defendant so as to be out of all proportion to plaintiff's convenience; or (2) make trial in the chosen forum inappropriate because of considerations affecting the court's own administrative and legal problems." *Alford* 366 Pa.Super. at 514, 531 A.2d at 794. Following are some of the private interests which a court must consider:

> the relative ease of access to sources of proof, availability of compulsory process for attendance of unwilling, and the cost of obtaining attendance of willing witnesses; possibility of view of the premises, if ... appropriate ..., and all other practical problems that make trial of a case easy, expeditious and inexpensive.

*Petty v. Suburban General Hospital,* 363 Pa.Super. 277, 282, 525 A.2d 1230, 1232 (1987). In *Petty* we also set forth several public interest factors which the court must consider:

> problems of creating court congestion and imposing jury duty upon people of a community which has no relation to the litigation; the appropriateness of having the action tried in a forum where the court is familiar with the law that must govern the case, rather than having a court in some other forum step into a quick-sand of conflict of laws problems and foreign law.

*Id.* In the instant case, the trial court carefully weighed the required factors and concluded properly that the Philadelphia Court of Common Pleas was not the most convenient forum. There is no abuse of discretion which could justify reversal of the trial court's order.

■ Guided by the factors previously set forth in *Alford* and *Petty,* we find that all relevant material issues of fact were considered by the trial court. The court noted that Tyro, AFCO, and Great American are all New York corporations. Trial court opinion, 10/17/91, at 4. The court also noted that the insurance financing agreement, the insurance contract,

and the alleged breach thereof all arose in New York, and that virtually all witnesses reside in New York. *Id.* The court considered these and other private factors it was required to consider in a forum non conveniens analysis. (*See* discussion of factors, above.)

The court took note of the fact that resolution of the case in Philadelphia County would result in a needless conflict of laws situation, because New York banking laws would apply to these facts. Trial court opinion, 10/17/91, at 6–7. The court pointed out that if the case were heard in Philadelphia, Pennsylvania tax dollars would be spent on a controversy with only tangential contacts with Philadelphia. *Id.* at 8. In addition, the trial court highlighted the fact that New York's statute of limitations for breach of contract is six years; appellant has sufficient time within which to file another complaint in the appropriate forum. This is an even more pertinent and persuasive piece of information given the fact that no discovery had yet been taken when the court filed its opinion. *Id.* The trial court more than adequately considered the public interest factors when it set forth its forum non conveniens analysis. Appellant's contention that there were unresolved material factual issues is without merit. Our discussion does not end here.

■ Appellant's arguments on this appeal are not direct challenges to the finding of Philadelphia as an inconvenient forum. Instead, appellant claims that Pa.R.C.P. 209 was compromised in the trial court's forum non conveniens ruling. Pa.R.C.P. 209 instructs that:

If, after filing and service of the answer, the moving party does not within fifteen days:

(a) proceed by rule or by agreement of counsel to take depositions on disputed issues of material fact; or,

(b) Order the cause for argument on petition and answer (in which event all averments of fact responsive to the petition and properly pleaded in the answer shall be deemed admitted for the purpose of the rule); the *respondent may take a rule as of course on the moving party to show cause why he should not proceed as above.* If after hearing the rule shall

be made absolute by the court, and the petitioner shall not proceed, as above provided, within fifteen days thereafter, the *respondent may order the cause for argument on petition and answer,* in which event all averments of fact responsive to the petition and properly pleaded in the answer shall be deemed admitted for the purpose of the rule.

Pa.R.C.P. No. 209, 42 Pa.C.S.A. (emphasis supplied). "Rule 209 provides an efficient means of addressing disputed factual issues that often arise from the exchange of petition and answer. Because a petition to dismiss pursuant to section 5322(e) raises the same kind of fact issues that a petition to transfer raises, the Rule 209 procedures apply equally to both." *Alford* 366 Pa.Super. at 515, 531 A.2d at 795. At this juncture, we note that appellant, the respondent to the motion to dismiss, neither filed a rule to show cause, nor requested depositions, nor did it raise any Rule 209 arguments at the trial level.

In support of its contention that Rule 209 was compromised in this case, appellant points to its claim that there are necessary witnesses residing in or near Philadelphia, while appellees claim all relevant witnesses are located in New York. Appellant avers that this is a crucial issue of unresolved material fact, and that since the trial court did not "spur the parties along" toward resolution of the dispute, there is an abuse of discretion which requires reversal of the trial court's order. Appellant also points to its tortious interference with contract claim as an example of an unresolved issue of material fact. Tyro argues that Pennsylvania law controls the disposition of this claim, and that the trial court erred by not permitting the case to proceed in Pennsylvania without further factual findings. We disagree.

Our highest state court has held that the mechanism of Rule 209 is unnecessary where, as here, a party responding to a motion to dismiss fails to present evidence which contradicts the facts averred by the petitioner. *See Schultz v. Erie Insurance Exchange,* 505 Pa. 90, 94, 477 A.2d 471, 473 (1984) ("[t]he averments contained in Erie's petition being admitted,

the court rendered its decision.... Under the circumstances the court's action was quite proper; ... argument [to the contrary] ... is without merit.") In addition, when this Court was recently presented with a claim that Rule 209 should have prevented the trial court from disposing of a motion to compel a medical examination, we held that:

> [t]he justification for entering the Order without pursuing the procedure established by Rule 209 is that the record was clear from the pleadings and affidavits that depositions or arguments were unnecessary to a resolution of the motion, even if a controversy existed.... When the burden of providing proof of good cause has been met, it is unnecessary to take depositions or proceed with oral argument.

*State Farm Insurance Companies v. Swantner,* 406 Pa.Super. 235, 246, 594 A.2d 316, 321 (1991) (*en banc*).

As in *Swantner,* we find that there was overwhelming information presented in the early stages of this case to support the trial court's disposition of the motion without engaging the Rule 209 procedure. The pleadings in the record reveal three New York corporations involved in a controversy over a contract entered into, breached in, and controlled by law of New York state. There would have been no benefit for the court to order depositions in any of the matters complained of by Tyro, because in this case, "New York is the only forum where all original parties may participate and avoid a duplicative lawsuit." *See* trial court opinion, 10/17/91, at 4. We are unable to find an abuse of discretion in the trial court's order dismissing this case on the basis of forum non conveniens without benefit of Rule 209 procedure. Before finally concluding our discussion of this case, we find it necessary to refute an argument briefed by Great American and raised in Tyro's reply brief: the outcome of this action is not controlled by the doctrine of law of the case.

■ Appellee Great American urges this Court to find appellant's arguments against dismissal to be moot because this Court, in a memorandum decision, found the exercise of personal jurisdiction over Wood to be impermissible. The trial court subsequently dismissed Wood from the suit. Con-

trary to appellee's arguments, our decision regarding Wood does not control the outcome of the instant action.

Appellee asserts that the Wood memorandum became the law of the case regarding the instant action.[1] "Law of the case means that whatever is once irrevocably established as the *controlling legal rule of decision* between the same parties in the same case continues to be the law of the case." *Banker v. Valley Forge Ins. Co.*, 401 Pa.Super. 367, 374, 585 A.2d 504, 508 (1991) (citations omitted, emphasis supplied). The doctrine of "law of the case" applies only if the parties on the two appeals are the same. Issues decided by an appellate court on a prior appeal between the same parties become the law of the case and will not be considered on appeal. *Id.*

Throughout the history of this controversy, Tyro has been the plaintiff/appellant. Appellee was a defendant in the original action. On the first appeal, Great American was an appellee, and thus a party. On this appeal, Great American is once again an appellee. Therefore, the requirement under law of the case that there be identity of parties is satisfied. The identity of issues element, however, is lacking in these appeals. When this Court considered Wood's appeal, we stated that "the issue raised on appeal requires solely that we determine *whether the Common Pleas Court of Philadelphia County can assert personal jurisdiction over the appellant." Tyro v. James A. Wood, Inc., Great American Insurance Company and AFCO Credit Corporation, Appeal of James A. Wood, Inc.*, 408 Pa.Super. 660, 588 A.2d 570 No. 01243 Phila. 1990, memorandum decision filed 12/27/90. (Emphasis supplied.) Personal jurisdiction is not the controlling legal rule of decision on this appeal, nor does the minimum contacts analysis

---

1. Ordinarily, memorandum decisions by this Court are not to be relied upon or cited by a court or a party in any other action or proceeding. *See* Decisional Procedures, Internal Operating Procedures of the Superior Court, § 65.37; reproduced in Pennsylvania Rules of Court, 1991. An exception is made, however, if the case is relevant under the doctrines of law of the case, res judicata, or collateral estoppel. *Id.* Because Great American is relying upon the unpublished Wood memorandum in accordance with the exception to our general rule, our present review of the memorandum is proper.

underlying the determination of personal jurisdiction control the instant case. Rather, the case at bar requires our careful consideration of Rule 209 and the elements of a forum non conveniens analysis. The doctrine of law of the case does not operate in this situation to preclude our consideration of appellant's allegations of error, as we have done, *supra*.

For the reasons stated above, we affirm the order of the trial court dismissing this action, without prejudice to file again in New York.