## Weaver v. Wilkens

C.P. of Lancaster County, no. 6062-1996.

*Thomas C. Wee*, for plaintiff.
*David W. Mersky*, for defendants.

FARINA, *J.*, July 3, 1997—Before the court are defendants Frederick and Patricia Carlin Wilkens' preliminary objections to the complaint filed December 9, 1996, by plaintiff John H. Weaver t/a John H. Weaver Tile and Wood, a Pennsylvania contractor specializing in tile and wood installation. Plaintiff commenced this action against defendants, seeking compensation for work performed in defendants' New Jersey home from April through August 1995. Defendants preliminarily object on the following bases: (1) lack of in personam jurisdiction; (2) the complaint contains impertinent matter; (3) insufficient specificity of the complaint; (4) defective service, and (5) forum non conveniens. For the reasons that follow, defendants' preliminary objections are overruled.

The relevant facts pled in the complaint which at this stage must be accepted as true are as follows: Defendants attempted to initiate contact with plaintiff by visiting plaintiff's showroom in Pennsylvania in April 1995 and defendants actually initiated contact with plaintiff by meeting plaintiff at his showroom in November 1995. Defendants delivered to plaintiff in Pennsylvania, via facsimile, certain plans and sketches for purposes of the preparation of a proposal and visited plaintiff's showroom again in February 1996, for the purpose of selecting tile for their home. In April 1996, defendants accepted plaintiff's bid by delivering to plaintiff in Pennsylvania, via U.S. mail, a deposit in the amount of $2,200. From November 1995 through April 1996, during which negotiations were conducted, defendants made at least 18 telephone calls to plaintiff at his workplace and his home. Over the course of the parties' relationship, defendant made more than 50

telephone calls to plaintiff. Additionally, all payments which were and are due by defendants to plaintiff, were due at plaintiff's place of business.

These facts demonstrate that defendants purposefully availed themselves of the privilege of conducting activities in Pennsylvania. Defendants' contacts with Pennsylvania were far from attenuated and were purposefully and continuously directed into Pennsylvania at plaintiff. Therefore, Pennsylvania's exercise of jurisdiction over defendants would not offend any notion of fair play and substantial justice. See *Burger King Corp. v. Rudzewicz,* 471 U.S. 462, 105 S.Ct. 2174, 85 L.Ed.2d 528 (1985); *Kubik v. Letteri,* 532 Pa. 10, 614 A.2d 1110 (1992).

Defendants also object to paragraph 16 of the complaint, claiming it contains impertinent matter. The allegation in paragraph 16 is supportive of plaintiff's claim and is relevant to the issues. As such, it is not impertinent and should not be stricken. Defendants also argue that the complaint is not sufficiently specific. However, reading the complaint as a whole and accepting defendants' admission that a contract was entered into, the complaint contains sufficient specificity.

Regarding defendants' objection to service, plaintiff's counsel mailed a copy of the complaint to each defendant via certified mail, return receipt requested, by cover letter dated December 9, 1996. The return receipt for each defendant was returned to plaintiff's counsel, was signed by "P. Albers" and identified that the address of each defendant was "correct as shown."

This form of service comports with the applicable rules. 42 Pa.C.S. §5323(a)(3), service of process on persons outside this Commonwealth, provides that service may be made by "any form of mail addressed to the person to be served and requiring a signed receipt."

Pa.R.C.P. 403 provides that process "shall be mailed to the defendant by any form of mail requiring a receipt signed by the defendant of his authorized agent."

Defendants complain that P. Albers, though representing to the postal authority by signing the receipt that he or she was an agent of defendants, is not their authorized agent. Under the rules of service, however, this fact is immaterial. Apparently, the person signing the return receipt was, at least to some extent, acting as defendants' agent. Service was properly made.

Defendants' final preliminary objection surrounds the convenience of the chosen forum. Under the doctrine of forum non conveniens, the court may decline to exercise jurisdiction only where the forum selected by the plaintiff is "manifestly inappropriate" and an alternate forum is available. *Plum v. Tampax Inc.,* 402 Pa. 616, 168 A.2d 315 (1961). Instantly, NJ is an available forum, however, plaintiff's choice of forum is to be given great weight. *Daugherty v. Inland Tugs Co.,* 240 Pa. Super. 527, 359 A.2d 465 (1976). Additionally, defendants have failed to set forth any facts which demonstrate "such oppressiveness and vexation to [them] so as to be out of all proportion to plaintiff's convenience." *Tyro Industries Inc. v. James A. Wood Inc.,* 418 Pa. Super. 296, 301, 614 A.2d 279, 282 (1992). The inconvenience, if any, experienced by defendants in defending the suit in Lancaster does not appear to be great, nor is the forum "manifestly inappropriate."

Accordingly, we enter the following:

## ORDER

And now, July 3, 1997, upon consideration of defendants' preliminary objections and the briefs of the parties in regard thereto, the court orders and directs that the preliminary objections are denied. Defendants shall file an answer to plaintiff's complaint within 20 days.